## National American Insurance Co. of New York v. Mueller

*David L. Pennington,* for plaintiff.
*Allen L. Feingold,* for defendant.

BIESTER, *J.,* June 18, 1986—Defendant has filed an appeal in this matter from our order of April 15, 1986, granting plaintiff's petition for the disqualification of defendant's counsel. We now provide our reasons for that order.

In this action, plaintiff-insurance company seeks to recover funds from defendant which its predecessor paid to the defendant-insured upon a fire loss he claimed he sustained at his business premises. Plaintiff's amended complaint asserts that defendant fraudulently sought compensation under the insurance policy for a 30-foot Wellcraft "Scarab" boat, serial number 20676, that he did not in fact own. Although that boat was destroyed in the fire at defendant's place of business, plaintiff asserts that defendant's attorney, Allen L. Feingold, had purchased the boat from defendant approximately six months before the fire occurred. Plaintiff thus contends that defendant's attorney, Mr. Feingold, will be the primary witness in establishing plaintiff's entitlement to a return of the insurance proceeds from defendant.

The standard for determining when an attorney who is also a prospective witness must withdraw from representation is set forth in the Code of Professional Responsibility at DR5-102. Paragraph A of this section is inapplicable since it governs situations in which an attorney will testify *on behalf of* his client; thus we look to paragraph B, which provides:

"(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is

obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client." The essential question for our determination then, is whether Mr. Feingold's testimony "is or may be prejudicial to his client."

Mr. Feingold's deposition reveals that his first contact with defendant occurred when he visited defendant's business premises in 1976 and purchased from defendant a 23-foot Thunderbird fiberglass cruising boat. Mr. Feingold experienced numerous problems with the Thunderbird boat during the first two months of the following summer, whereupon he brought his complaints to the attention of the defendant. The two then began negotiations on the 30-foot Wellcraft boat, which concluded in the execution of a purchase agreement on the boat. Consistent with the terms of the agreement, Mr. Feingold traded in the Thunderbird, and paid an additional sum of money. Mr. Feingold's total payment of $30,000, including the value of the trade-in, constituted "the full purchase price."

Defendant agreed to store the boat during the winter months in consideration for Mr. Feingold's provision of legal services. The boat was destroyed by fire while in storage at defendant's business premises. Mr. Feingold had insured the boat with Royal Globe Insurance Co. and, as a consequence of the fire, filed a claim of loss with his insurer. When Royal Globe refused to make payment, Mr. Feingold filed suit to compel the insurer to compensate him for the loss. Royal Globe "wrongfully" refused his claim, as "[t]hey had no defense" for not recognizing Mr. Feingold's entitlement to the insurance proceeds. The law suit concluded when Mr. Feingold

obtained a settlement from his insurer in the amount of $30,000.

Based on the clear and precise statements of Mr. Feingold in his deposition, it is obvious that his testimony "is or may be prejudicial to his client" and thus under DR 5-102 his representation of defendant should cease. Mr. Feingold has stated that he paid the full purchase price on the boat on which defendant filed a claim, that defendant was storing the boat for him, and that he (Mr. Feingold) sought and obtained compensation from his own insurer for loss of the boat in the amount of the purchase price. Mr. Feingold's total ownership must clearly refute any possibility of defendant's ownership and establish defendant's claim as fraudulent.

Indeed, defendant concedes that the anticipated testimony would be "totally prejudicial in this case." Defendant asserts, however, that such testimony is irrelevant to plaintiff's cause of action. We fail to see how testimony regarding a third party's ownership of specified property can be irrelevant in an insurance company's action based on the insured's allegedly fraudulent claim of ownership of the same property.

While DR 5-102(B) most directly addresses the issue, we think Mr. Feingold's representation of defendant is also barred by the ethical rules prohibiting conflicts of interest and the appearance of impropriety. *See,* Code of Professional Responsibility, DR 5-101(A) and Canon 9. Furthermore, we reject Mr. Feingold's assertion that he is of "distinctive value" in this case; pursuant to DR 5-101(B)(4) more than mere familiarity with the procedural and factual history is required to confer "distinctive value," at least where, as in the instant suit, the case does not involve complex litigation or special expertise.